# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George M. Marovich | Sitting Judge if Other than Assigned Judge | Geraldine Soat Brown |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7797 | **DATE** | 7/28/2003 |
| **CASE TITLE** | Szwebel vs. Pap's Auto Sales | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Report and Recommendation to Hon. George Marovich submitted herewith. For the reasons set out in the Report and Recommendation, this court respectfully recommends that defendant's Pap's Auto Sales' motion to strike be denied; however, the complaint should be stricken with leave to amend to assert a proper basis for federal jurisdiction. Specific written objections to this report and recommendation may be served and filed within 10 business days from the date that this order is served. Fed. R. Civ. P. 72(a). Failure to file objections with the District Court within the specified time will result in a waiver of the right to appeal all findings, Factual and legal, made by this Court in the report and recommendation, *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995). Enter Report and Recommendation.
(11) ■ For further detail see Report and Recommendation attached to the original minute order.

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | JUL 29 2003 | |
| | Notified counsel by telephone. | | date docketed | 22 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | 7/28/2003 | |
| ✓ | Copy to judge/magistrate judge. | | date mailed notice | |
| MW | courtroom deputy's initials | Date/time received in central Clerk's Office | MW6 mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



JUL 2 9 2003

| | |
|---|---|
| MARIANNA SZWEBEL, et al., Plaintiffs, | ) ) ) |
| v. | ) Cause No. 02 C 7797 ) ) Judge George M. Marovich ) Magistrate Judge Geraldine Soat Brown |
| PAP'S AUTO SALES, INC., Defendant. | ) ) ) |

To:  The Honorable George M. Marovich
     United States District Court Judge

## REPORT AND RECOMMENDATION

Geraldine Soat Brown, United States Magistrate Judge

Plaintiffs Marianna Szwebel and Margaret Szwebel ("the Szwebels") allege that defendant Pap's Auto Sales, Inc. ("Pap's" or "Defendant") committed a number of violations of federal and Illinois law relating to the sale of an automobile.[1] [Dkt # 1.] The Szwebels are residents of the State of Illinois. (Compl. ¶ 3.) Pap's is a car dealership incorporated in Illinois and located in Chicago, Illinois. (Answer ¶ 9.) The Complaint alleges violation of the federal Motor Vehicle Information and Cost Saving Act in Count I, violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS § 505/2 *et seq.*, in Counts II and V, common law fraud in Count III, and breach of implied warranty in Count IV. The District Judge referred to this court Pap's motion to strike Count II of the Complaint. [Dkt ## 12, 15.] For the following reasons, this court

---

[1] State Farm International Services, Inc. was also named as a defendant but has been dismissed pursuant to a settlement with the Szwebels. [Dkt # 11.]

1



respectfully recommends the following: Defendant's motion should be DENIED; however, because the Complaint fails to plead the proper federal statute to provide a basis for federal jurisdiction, and that defect appears readily correctable, the Complaint should be stricken with leave to amend to assert a proper basis for federal jurisdiction.

## BACKGROUND

The Szwebels allege the following facts, which are taken as true for the purposes of Defendant's motion. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993). On December 31, 2001, the Szwebels purchased a used 1997 Honda Civic automobile from Pap's under the belief that the vehicle was roadworthy. (Compl. ¶ 10.) Some time prior to the purchase date, the car had been in an accident and had sustained serious damage. (*Id.* ¶¶ 12, 15.) The vehicle had been cosmetically repaired to conceal evidence of the prior accident, and thus the Szwebels were unaware of any latent damage to the car when they purchased it. (*Id.* ¶¶ 14-15.) Furthermore, the State of Indiana had issued salvage titles[2] for the vehicle on three occasions in 2000. (*Id.* ¶ 13.) Upon purchasing the vehicle, the Szwebels were not informed about the salvage titles, and Pap's conspired to hide the title to the vehicle from the Szwebels to prevent them from discovering that the car was salvaged. (*Id.* ¶¶ 16-17.) The Szwebels relied upon the visual appearance of the car and Pap's representations, and would not have purchased the vehicle had they known about the damage or the salvage title. (*Id.* ¶¶ 21, 24.) Pap's Answer alleges that the

---

[2] "A salvage title is issued on a vehicle damaged to the extent that the cost of repairing the vehicle for safe operation exceeds its fair market value; or a vehicle that has been declared a Total Loss by an insurer or other state or jurisdiction. Some states treat Junk titles the same as Salvage but the majority use this title to indicate that a vehicle is not road worthy and cannot be titled again in that state." Carfax Glossary of Terms, *available at* http://www.carfax.com/Definitions/Glossary.cfm (accessed on 6/19/03 at 1:05:20 pm CST).

2

Szwebels signed a vehicle registration form which states that the vehicle was rebuilt. (Answer ¶¶ 15, 20.)

## JURISDICTION

A federal court must satisfy itself that there is a basis for federal jurisdiction, even if no party raises the issue. *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 777 (7th Cir. 1986). The Szwebels submit that the federal court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1332 and 15 U.S.C. § 1989. (Compl. ¶ 2.) Although lack of jurisdiction is not the basis of its motion to strike, Pap's denies that either of these two sections is applicable. (Answer ¶ 2.) Pap's is correct.

First, 28 U.S.C. § 1332 grants original jurisdiction to district courts over a civil action between citizens of different states if the amount in controversy exceeds $75,000. There must be complete diversity between the parties, which means that "no plaintiff share[s] common citizenship with any defendant." *County of Cook v. Mellon Stuart Co.*, 812 F. Supp. 793, 796 (N.D. Ill. 1992); *citing Strawbridge v. Curtiss*, 7 U.S. 267 (1806). In the instant case, the plaintiffs are both citizens of Illinois, and Pap's is an Illinois corporation. Therefore, diversity is not complete and the court cannot assert jurisdiction under 28 U.S.C. § 1332. The second basis for jurisdiction alleged by the Szwebels, 15 U.S.C. § 1989, was repealed in 1994, along with the balance of the Motor Vehicle Information and Cost Savings Act, 15 U.S.C. § 1981, *et seq.*, which now exists, in pertinent part, as the Federal Odometer Act, 49 U.S.C. § 32701 *et seq.*

Fairly and liberally construed, it appears that the Szwebels are attempting to plead a claim under the Federal Odometer Act, notwithstanding their inapt citation and reference to the now-repealed Motor Vehicle Information and Cost Savings Act. For example, in their prayer for relief

in Count II, the Szwebels seek damages "under the 49 U.S.C. § 32710(c)." (Compl. at 6.) The Szwebels allege that Pap's violated federal law by failing to use the title to the car as the instrument to disclose the title history and odometer mileage. (Compl. ¶ 29.) Pap's denies that allegation generally. (Answer ¶ 29.) Pap's has not objected to the sufficiency of the allegations of Count I. Presuming that the Szwebels intended to assert a claim under the Federal Odometer Act, 49 U.S.C. § 32701 *et seq.*, rather than the repealed Motor Vehicle Information and Cost Saving Act, 15 U.S.C. § 1981 *et seq.*, they appear to be seeking to invoke 49 U.S.C. § 32705, which is entitled "Disclosure requirements on transfer of motor vehicles." That section states that "a person transferring ownership of a motor vehicle shall give the transferee the following disclosure: (A) Disclosure of the cumulative mileage registered on the odometer. . . ." 49 U.S.C. § 32705(a)(1). Regulations issued by the Department of Transportation under the authority of § 32705 require, *inter alia*, that "each transferor shall disclose the mileage to the transferee in writing on the title." 49 C.F.R. § 580.5(c). Federal jurisdiction is available for claims under the Federal Odometer Act, pursuant to 49 U.S.C. § 32710 and 28 U.S.C. § 1331.[3] Supplemental jurisdiction under 28 U.S.C. § 1367 could be available for the Szwebels' state law claims.

Although the Szwebels have not pleaded a proper statutory basis for federal jurisdiction, it appears that the complaint could be amended to do so. This court respectfully recommends that the present Complaint be dismissed with leave to amend to allege a proper jurisdictional basis.

---

[3] 49 U.S.C. § 32710(b) states that "[a] person may bring a civil action to enforce a claim under this section in an appropriate United States district court or in another court of competent jurisdiction. The action must be brought not later than 2 years after the claim accrues. The court shall award costs and a reasonable attorney's fee to the person when a judgment is entered for that person."

4

# DEFENDANT'S MOTION TO STRIKE

Assuming that the Szwebels will replead to allege federal jurisdiction without changing Count II, Defendant's motion is considered.

## A. Standard of Review

Pap's calls its motion a "motion to strike." A motion to strike under Federal Rule of Civil Procedure 12(f) allows the court to strike "any redundant, immaterial, impertinent, or scandalous matter" from any pleading. Fed. R. Civ. P. 12(f). In the instant case, Pap's does not claim that Count II is redundant, immaterial, impertinent, or scandalous, but rather that it is insufficient to support a claim for violation of the ICFA. Thus, the motion more properly arises under Fed. R. Civ. P.12(b)(6) as a motion to dismiss. *See Abraham v. North Ave. Auto, Inc.*, No. 00 C 1764, 2001 WL 1002067 at *4 (N.D. Ill. Aug. 24, 2001)(Grady, J.)(treating a motion to strike as a Rule 12(b)(6) motion to dismiss because the defendant's actual issue with the complaint was that it failed to state a claim upon which relief could be granted). A motion to dismiss under Rule 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief can be granted. *General Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). It is well established that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Pokuta v. Trans World Airlines, Inc.*, 191 F.3d 834, 839 (7th Cir. 1999). For the purposes of a motion to dismiss, the court accepts as true "all well-pled factual allegations in the complaint and draw[s] all reasonable inferences therefrom in favor of the plaintiff." *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991).

## B. Count II: ICFA

In order to establish a violation of the ICFA, a plaintiff "must show that (1) the defendant committed a deceptive act, such as the misrepresentation or concealment of a material fact; (2) the defendant intended to induce the plaintiff's reliance on the deception; and (3) the deception occurred in a course of conduct involving trade or commerce." *Petri v. Gatlin*, 997 F. Supp. 956, 967 (N.D. Ill. 1997); *citing, inter alia, Thacker v. Menard, Inc.*, 105 F.3d 382, 386 (7th Cir. 1997); *Connick v. Suzuki Motor Co.*, 675 N.E.2d 584, 593 (Ill. 1996). A concealed fact is material if a buyer would have acted differently had she known the information, or if it concerned the kind of information a buyer would likely rely upon in making a decision to purchase. *Connick*, 675 N.E.2d at 595. Here, the Szwebels allege that Pap's committed a deceptive act: the concealment of the fact that the 1997 Honda Civic was seriously damaged and had been issued a salvage title. (Compl. ¶¶ 12-13.) The Szwebels contend that they would not have purchased the vehicle had they known it had suffered such damage. (*Id.* ¶ 21.) Thus, the Szwebels allege that Pap's concealed a material fact. Furthermore, it is alleged that Pap's intended that the Szwebels would rely on the deception that the car was roadworthy. (*Id.* ¶ 24-25.) Finally, it is undisputed that the alleged deception occurred in the course of trade or commerce - the sale of motor vehicles. Therefore, the Szwebels have met the three requirements necessary to sufficiently state a claim under the ICFA.

Pap's argues that the Szwebels' ICFA claim should be dismissed for failing to provide proof of "a public injury, a pattern, or an effect on consumers and the public interest generally," as is required in order to state a cause of action against a defendant who is a used vehicle dealer. 815 ILCS 505/10a(a). That section of the ICFA goes on to state that proof of a public injury may be shown by: (1) violation of a statute that has a public interest impact; (2) repeated acts prior to the

act involving the plaintiff; or (3) potential for repetition. 815 ILCS 505/10a(a)(1). As discussed above, the Szwebels allege that Pap's violated federal law –presumably the Federal Odometer Act, which impacts the public interest. *See Pigounakis v. Autobarn Motors*, No. 98 C 5741, 1999 WL 754927 at *2 (N.D. Ill. Sept. 3, 1999)(Zagel, J.)(holding that violation of the federal and state odometer laws has an impact on the public interest and thus is sufficient to satisfy section 505/10a(a) of the ICFA). Therefore, the Szwebels have alleged a public injury in compliance with the ICFA.

In addition, the Szwebels have alleged facts sufficient to prove a public injury under subsection (3), a potential for repetition. In *McNair v. McGrath Lexus-Colosimo, Ltd.*, 11 F. Supp. 2d 990, 992 (N.D. Ill. 1998), the plaintiffs alleged that they purchased a used vehicle on the condition that the dealership would install four new tires and would provide a service warranty from any dealer in the nation. The dealership later refused to install the tires, and the warranty the plaintiffs received was good only at the issuing dealership. *Id.* The court held that the dealership had engaged in deceptive acts that had the potential for repetition, and thus that the ICFA requirement was met. *Id.* In *Pigounakis*, the plaintiff alleged that the defendant sold him a vehicle with a replaced odometer that showed the car had only 24,823 miles on it when the defendant knew it had actual mileage over 100,000. 1999 WL 754927 at *1. The court found that a significant potential for repetition existed because it was alleged that "the [defendant] committed the fraud as part of his ordinary duties as general manager of a car dealership," and that he continued to work in that position. *Id.* at *2. In this case, the Szwebels allege that Pap's sold them a vehicle that was seriously damaged for the price that one would sell a car that was in good condition. (Compl. ¶ 40.) Such activity has the potential for repetition because Pap's could sell a damaged vehicle to the next unsuspecting consumer without revealing the latent damage. Keeping in mind that an ICFA claim

7

should be construed liberally in order to provide the broad range of protection that the ICFA contemplates, *Fisher v. Quality Hyundai, Inc.*, No. 01 C 3243, 2002 WL 47968 at *4 (N.D. Ill. Jan. 11, 2002)(Darrah, J.), the Szwebels' complaint is sufficient to satisfy the ICFA.

## CONCLUSION

This Court respectfully recommends that Pap's motion to strike be denied; however, the Complaint should be stricken with leave to amend to assert a proper basis for federal jurisdiction.

Specific written objections to this report and recommendation may be served and filed within 10 business days from the date that this order is served. Fed. R. Civ. P. 72(a). Failure to file objections with the District Court within the specified time will result in a waiver of the right to appeal all findings, factual and legal, made by this Court in the report and recommendation. *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

**ENTER:**

*[signature]*

**Geraldine Soat Brown**
**United States Magistrate Judge**

**Dated: July 28, 2003**