UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| MARIANNA SZWEBEL and | ) | |
|---|---|---|
| MARGARET SZWEBEL, | ) | |
| | ) | |
| Plaintiffs, | ) | 02 C 7797 |
| | ) | |
| v. | ) | Judge George M. Marovich |
| | ) | |
| PAP'S AUTO SALES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Marianna and Margaret Szwebel ("the Szwebels") filed a five-count amended complaint in which they alleged four counts against defendant Pap's Auto Sales, Inc. ("Pap's Auto").[1] The Szwebels asserted a claim under the federal Odometer Act, 49 U.S.C. § 32701 (Count I), a claim under the Illinois Consumer Fraud Act, 815 ILCS 505/2 (Count II), a claim for common law fraud (Count III) and a claim for breach of implied warranty under the Magnuson-Moss Consumer Warranty Act, 15 U.S.C. § 2310 (Count IV).

Before the Court are two motions. First, the Szwebels move for summary judgment on Counts I and II. Second, the Szwebels move to strike defendant's response to the plaintiffs' statement of material facts. For the reasons set forth below, the Court denies plaintiffs' motion for summary judgment and motion to strike. The Court *sua sponte* dismisses without prejudice plaintiffs' federal Odometer Act claim for failure to state a claim upon which relief may be

---

[1] Plaintiffs filed a fifth count against State Farm International Services, Inc. Plaintiffs voluntarily dismissed that count and State Farm International Services, Inc. as a defendant.

granted and dismisses plaintiffs' remaining claims because it declines to exercise supplemental jurisdiction over those claims.

## BACKGROUND

The following facts are undisputed unless otherwise noted.[2] In late 2001, Margaret Szwebel saw an advertisement for a used 1997 Honda Civic in good condition. She and a friend went to Pap's Auto to inquire about the car. At Pap's Auto, Margaret Szwebel and her friend "continuously" asked if the Honda Civic was rebuilt. An employee at Pap's Auto told the Margaret and her friend that the car was "100% safe." Ultimately, the Szwebels purchased the 1997 Honda Civic.

As it turns out, the car had been rebuilt (a fact which generally lessens the value of a car). The record is unclear as to whether the Szwebels knew at the time of purchase that the car had been rebuilt. The parties agree that the only document to disclose that the vehicle was rebuilt was the application for license plates, which, as of the date of Margaret Szwebel's deposition, contained a check in the box marked "rebuilt." It is unclear when the plaintiffs signed the document. According to plaintiffs, the box indicating "rebuilt" was not checked when plaintiffs signed it. Plaintiffs learned that the vehicle was rebuilt no later than the date that they received their license plates (which date was after they purchased the vehicle).

---

[2]The parties' fact submissions contain very few facts, which explains the brevity of the background section in the Court's opinion.

## DISCUSSION

### I. Plaintiffs' motion to strike

The Court first considers plaintiffs' motion to strike. Plaintiffs seek to strike defendant's response to plaintiffs' Local Rule 56.1 statement of material facts. Specifically, plaintiffs complain that in response to several of plaintiffs' fact paragraphs, defendant failed to controvert the asserted fact with affidavits or other admissible evidence.

Local Rule 56.1 outlines the requirements for the introduction of facts parties would like considered in connection with a motion for summary judgment. The Court enforces the rule strictly. Facts that are submitted but do not conform with the rule are not considered by the Court. For example, facts not included in a party's *statement of material facts* or in a party's *statement of additional facts* are not considered by the Court because to do so would rob other parties of the opportunity to show such facts are disputed. Asserted "facts" not supported by deposition testimony, documents, affidavits or other evidence admissible for summary judgment purposes are not considered by the Court. Similarly, where one party supports a fact with admissible evidence and the other party denies the fact without citation to admissible evidence, the Court deems the fact admitted. *See Ammons v. Aramark Uniform Services, Inc.*, 368 F.3d 809, 817-818 (7th Cir. 2004).

It is unnecessary to strike defendant's response because the Court has already strictly enforced Local Rule 56.1, as outlined above. As should be clear from the background section, the Court has deemed admitted all supported facts (whether in plaintiffs' statement of facts or defendant's statement of additional facts) that the opposing party failed to controvert with

evidence admissible for summary judgment purposes. Accordingly, the Court denies plaintiffs' motion to strike defendant's response to plaintiffs' statement of facts.

## II. Plaintiffs' Motion for Summary Judgment

### A. *Standard for a Motion for Summary Judgment*

Summary judgment should be granted when the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). When making such a determination, the Court must construe the evidence and make all reasonable inferences in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986). "The movant for summary judgment bears the initial burden of establishing that there is no genuine issue of material fact." *Davis v. Bierman*, Case No. 01-6658, 2004 U.S. Dist. LEXIS 639 at *7 (N.D. Ill. Jan. 21, 2004).

### B. *Federal Odometer Act*

Plaintiffs' first claim is brought under the federal Odometer Act. In the text of the Odometer Act, Congress set out two purposes of the Act:

> (1) to prohibit tampering with motor vehicle odometers; and
> (2) to provide safeguards to protect purchasers in the sale of motor vehicles with altered or reset odometers.

49 U.S.C. § 32701(b). To this end, the Odometer Act prohibits certain actions. First, the Odometer Act prohibits any person from resetting, disconnecting or otherwise altering an odometer with the intent to defraud and from advertising for sale, selling or installing any device to change an odometer's reading with the intent to defraud. 49 U.S.C. § 703. The Odometer Act

-4-

also sets out requirements for disclosing an automobile's odometer reading and makes it unlawful for a person to fail—with the intent to defraud—to disclose the odometer reading in compliance with the requirements. 49 U.S.C. § 32705.

"[A] line of cases dating back more than twenty-five years holds that civil liability under the Odometer Act is limited to mileage fraud and odometer tampering." *Hamilton v. O'Connor Chevrolet, Inc.*, Case No. 02 C 1897, 2004 WL 1403711 at *9 (N.D.Ill. June 23, 2004) (collecting cases). The Court sees nothing in the text of the Odometer Act that would allow individuals to use the federal Odometer Act to bring general fraud claims or claims unrelated to mileage fraud or odometer tampering. Nor would it comply with the explicit purpose of the Odometer Act to allow parties to use the Odometer Act to bring such claims. Given that the purpose of the act is to prevent odometer fraud, it makes little sense to allow a plaintiff to use the Odometer Act to bring a claim that she was defrauded by a misrepresentation related to the age, make, condition or other issue unrelated to the mileage even if the plaintiff could show the seller failed to disclose the odometer reading in the manner required by the statute. If the disclosure failure were not part of an attempt to defraud the buyer with respect to the mileage, a buyer's remedy should be common law or some statute other than the Odometer Act. Thus, the Court agrees with the other courts that have concluded that only claims involving mileage fraud or odometer tampering may be brought under the Odometer Act. *See Hamilton*, 2004 WL 1403711 at *9; *Locascio v. Imports Unlimited, Inc.*, 309 F. Supp.2d 267, 270-271 (D. Conn. 2004); *Mayberry v. Ememessay, Inc.*, 201 F. Supp.2d 687, 695 (W.D. Va. 2002) ("Even the idea that there can be a 'non-mileage' violation of an act whose central purpose is to ensure the accurate reporting of mileage strains credulity. As stated above, while Plaintiff may have a claim for

common-law fraud or other similar state claims, she cannot graft her fraud claim onto a federal statute that was never intended to reach beyond the purposes stated in the statute.").

Plaintiffs point to two cases from the United States District Court for the District of New Mexico which have concluded that one can bring a claim under the Odometer Act for a disclosure violation combined with general fraud. *See Salmeron v. Highlands Ford Sales, Inc.*, 223 F. Supp.2d 1238 (D. N.M. 2002); *Yazzie v. Amigo Cherovlet, Inc.*, 189 F. Supp.2d 1245 (D. N.M. 2001). This Court respectfully disagrees with the conclusions of those cases because to do so would, in effect, open the federal courts to numerous general fraud claims related to automobiles though not necessarily to mileage. Accordingly, the Court declines to follow the decisions cited by the plaintiffs.

Thus, despite plaintiffs' argument, plaintiffs' claim fails as a matter of law. Plaintiffs have put forth no evidence of mileage fraud or odometer tampering. (Nor, for that matter, have plaintiffs put forth evidence of an intent to defraud.) Accordingly, the Court denies plaintiffs' motion for summary judgment with respect to Count I.

Plaintiffs' problem with Count I, however, is larger than the denial of summary judgment. Plaintiffs' allegations in their amended complaint are premised on the faulty legal conclusion that one can state a claim under the federal Odometer Act without alleging mileage fraud or odometer tampering. The Court has already rejected plaintiffs' argument on this matter. Nowhere in plaintiffs' amended complaint do they allege mileage fraud or odometer tampering. The plaintiffs have failed to state a claim upon which relief may be granted under the federal

Odometer Act.[3] Thus, the Court *sua sponte* dismisses plaintiffs' Count I. *Shockley v. Jones*, 823 F.2d 1068, 1072-73 (7th Cir. 1987) (*sua sponte* dismissals for failure to state a claim under Rule 12(b)(6) are appropriate, particularly where the party has had an opportunity to present argument in favor of the claim). Because none of the evidence put forth in connection with plaintiffs' motion for summary judgment forecloses the *possibility* that plaintiffs can make non-frivolous amendments to the complaint in order to state a proper claim under the federal Odometer Act, the dismissal is without prejudice.

C.   *Plaintiffs' pendent claims are dismissed*

The plaintiffs have also moved for summary judgment on their state claim for violation of the Illinois Consumer Fraud Act. The Court denies the motion and dismisses the claim for the reasons set forth below.

A district court may "decline to exercise supplemental jurisdiction" over pendent state law claims if the court has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). As the Seventh Circuit has explained, a district court's decision to relinquish supplemental jurisdiction is "the norm, not the exception." *Contreras v. Suncast Corp.*, 237 F.3d 756, 766 (7th Cir. 2001) (quoting *Disher v. Information Resources, Inc.*, 873 F.2d 136, 140 (7th Cir. 1989)).

In this case, no claims over which the Court has original jurisdiction remain. Besides the federal Odometer Act, plaintiffs assert only one other federal claim, and that claim does not supply the Court with subject matter jurisdiction. Specifically, plaintiffs assert a claim under the

---

[3]The Court also notes that the plaintiffs failed to allege fraud with particularity, in violation of Rule 9(b) of the Federal Rules of Civil Procedure.

Magnuson-Moss Consumer Warranty Act, 15 U.S.C. § 2310. The Magnuson-Moss Consumer Warranty Act does not support federal jurisdiction in this particular case. As the Seventh Circuit has explained:

> The Magnuson-Moss Act allows a plaintiff to sue in federal court for breach of warranty, 15 U.S.C. § 2310(d)(1), provided that certain jurisdictional restrictions are met. ... [C]laims under the Magnuson-Moss Act may only be brought in federal court if the amount in controversy reaches 'the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit[.]

*Schimmer v. Jaguar Cars, Inc.*, 384 F.3d. 402, 404 (7th Cir. 2004) (quoting 15 U.S.C. § 2310(d)(3)(B)). Here, the plaintiffs purchased a car for between $3,000 and $5,000. The claim for damages does not meet the $50,000 requirement, and the Magnuson-Moss Consumer Warranty Act does not provide a basis for federal jurisdiction.

Accordingly, the Court declines to exercise supplemental jurisdiction over plaintiffs' remaining claims and hereby dismisses them without prejudice.

## **CONCLUSION**

For the reasons set forth above, the Court denies plaintiffs' motion to strike defendant's response to plaintiffs' statement of facts. The Court denies plaintiffs' motion for summary judgment. The Court *sua sponte* dismisses without prejudice plaintiffs' federal Odometer Act claim (Count I) for failure to state a claim upon which relief may be granted. The Court declines to exercise supplemental jurisdiction over plaintiffs' remaining claims and, therefore, dismisses without prejudice all of plaintiffs' remaining claims. Finally, the Court grants plaintiffs leave to file a second amended complaint within 21 days.

ENTER:

George M. Marovich
United States District Judge

DATED: 3/17/05